IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:06CR120 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EVERADO GURROLA ARCIENEGA, | ) | RE: MATERIAL WITNESS |
| | ) | RINA CHICA-ARGUETA |
| Defendant. | ) | |

    This matter is before the court on the application of the United States for the arrest and detention of a material witness, Rina Chica-Argueta. The court having found the application set forth the materiality of the witness's testimony in the above-captioned matter and it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Rina Chica-Argueta on June 14, 2006, pursuant to 18 U.S.C. § 3144. Following the witness's arrest, the witness Rina Chica-Argueta was brought before the undersigned magistrate judge for a hearing on June 19, 2006.

    Rina Chica-Argueta appeared with her court-appointed counsel, Assistant Federal Public Defender Julie B. Hansen. Assistant U.S. Attorney John E. Higgins represented the United States. During the hearing, Irene Tomassini, a certified interpreter in the Spanish language, was available by remote telephone hook-up but Chica-Argueta stated she spoke and understood the English language and waived the presence of a Spanish Language interpreter.

    The court took judicial notice of the application and attached affidavit. Through counsel, Rina Chica-Argueta waived a hearing on the government's request for her detention as a material witness and presented no evidence on the government's request that she be detained as a material witness.

    I find that the testimony of Rina Chica-Argueta would be material in this criminal proceeding against Everado Gurrola-Arcienega. I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds or is deported to Mexico if she were released from custody on conditions. Since the BICE has placed a

detainer with the U.S. Marshal for deportation proceedings regarding the witness and the witness has no roots in this community or state, I find there is no condition or combination of conditions that would reasonablely assure the presence of the witness for the upcoming criminal proceedings in this matter if she were released on conditions.

**IT IS ORDERED:**

1.      The witness, Rina Chica-Argueta, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The witness shall be afforded a reasonable opportunity for private consultation with his counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2.      Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 19th day of June, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge